BENJAMIN NISENBAUM, Esq., SBN 222173
KATHERINE MACELHINEY, Esq., SBN 355532
**Burris Nisenbaum Curry & Lacy, LLP**
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (844) 273-6873
John.Burris@bncllaw.com
Ben.Nisenbaum@bncllaw.com
Katherine@bncllaw.com

Attorneys for Plaintiffs Sheila McCormick and Salvador Garcia

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA MCCORMICK, individually and as a successor-in-interest to Decedent DAVID BENJAMIN; and SALVADOR GARCIA, individually and as a successor-in-interest to Decedent DAVID BENJAMIN. <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF VALLEJO, a municipal corporation, OFFICER DYNELLE JONES, individually and in her official capacity as a police officer for the City of Vallejo; OFFICER CLINTON HILL, individually and in his official capacity as a police officer for the City of Vallejo;  OFFICER BRAD KIM, individually and in his official capacity as a police officer for the City of Vallejo;  OFFICER ROSENDO MESA, individually and in his official capacity as a police officer for the City of Vallejo; OFFICER CONNOR SULLIVAN, individually and in his official capacity as a police officer for the City of Vallejo;  OFFICER DANIEL SARAVIA, individually and in his official capacity as a police officer for the City of Vallejo; OFFICER MARK THOMPSON, individually and in his | CASE NO.: <br><br> COMPLAINT FOR DAMAGES <br><br> JURY TRIAL DEMANDED |

1    official capacity as a police officer for the City of
     Vallejo;  OFFICER JAMES BEGLIN,
2    individually and in his official capacity as a
     police officer for the City of Vallejo;
3    LIEUTENANT HERMAN ROBINSON, in his
     official capacity as a police lieutenant for the
4    City of Vallejo; SERGEANT RASHAD
     HOLLIS, in his official capacity as a police
5    sergeant for the City of Vallejo; Solano County
     Sheriff's Coroner's Office, CHIEF JASON TA,
6    in his official capacity as the Chief of Police for
     the City of Vallejo; and DOES 1-50, inclusive,
7    individually, jointly, and severally,
8
9                      Defendants.
10
11
12                    **INTRODUCTION**
13        1.        This is an action for damages brought pursuant to Title 42 U.S.C. §§ 1983 and the

14   Fourth Amendment to the United States Constitution, under California Civil Code § 52.1, and under

15   the common law of California. It is alleged that these violations and torts were committed during the

16   course and scope of the above-mentioned law enforcement officers' employment with the

17   aforementioned government agencies and DOES 1-50.

18        2.        Despite Plaintiffs' frequent requests, Defendant CITY through its agents, employees,

19   and assigns, refused to provide documentation and/or body-worn camera and MVAR video footage

20   responsive to Plaintiffs' public records requests related to the fatal incident between Defendants and

21   Decedent, David Benjamin, on July 8, 2024.

22                    **JURISDICTION**
23

24        3.        This action arises under Title 42 of the United States Code, § 1983. Title 28 of the

25   United States Code §§ 1331 and 1343, confer jurisdiction upon this Court. The unlawful acts and

26   practices alleged herein occurred in the County of Solano, which is within the judicial district of this

27   Court.

28        4.        Supplemental Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1367 over

the State law claims which are so related to federal claims in the action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

5.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

6.    Decedent, DAVID BENJAMIN, (hereinafter "DECEDENT" or "DAVID BENJAMIN") was an individual residing in the state of California. Decedent was unmarried at the time of his death, and died intestate and without issue.

7.    Plaintiff SHEILA MCCORMICK (hereinafter "PLAINTIFF" or "MS. MCCORMICK") is the surviving mother of Decedent DAVID BENJAMIN. Ms. McCormick has been and is a resident of California and a United States Citizen. Ms. McCormick brings these claims individually and as a co-successor-in-interest to Decedent, DAVID BENJAMIN.

8.    Plaintiff SALVADOR GARCIA (hereinafter "PLAINTIFF" or "MR. GARCIA") is the surviving father of Decedent DAVID BENJAMIN. Mr. Garcia has been and is a resident of California and a United States Citizen. Mr. Garcia brings these claims individually and as a co-successor-in-interest to Decedent, DAVID BENJAMIN.

9.    Defendant CITY OF VALLEJO  ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, the CITY operates the Vallejo Police Department. Defendant CITY is being sued directly under Section 1983 for *Monell* violations. At all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting the operation of the CITY OF VALLEJO Police Department and its tactics, methods, practices, customs, and usage. At all relevant times, Defendant CITY was the employer of Defendants JONES, HILL, KIM, MESA, SULLIVAN, SARAVIA, THOMPSON, BEGIN, ROBINSON, HOLLIS, CHIEF TA, and DOES 1-50, individually and as peace officers.

10.     At all times mentioned herein, Defendant DYNELLE JONES (hereinafter "JONES") was employed by Defendant CITY OF VALLEJO as a police officer. JONES is being sued individually and in her official capacity as a police officer for the Defendant CITY under 42 U.S.C. § 1983.

11.     At all times mentioned herein, Defendant CLINTON HILL (hereinafter "HILL") was employed by Defendant CITY OF VALLEJO as a police officer. HILL is being sued individually and in his official capacity as a police officer for the Defendant CITY under 42 U.S.C. § 1983.

12.     At all times mentioned herein, Defendant BRAD KIM  (hereinafter "KIM") was employed by Defendant CITY OF VALLEJO as a police officer. KIM is being sued individually and in his official capacity as a police officer for the Defendant CITY under 42 U.S.C. § 1983.

13.     At all times mentioned herein, Defendant ROSENDA MESA (hereinafter "MESA") was employed by Defendant CITY OF VALLEJO as a police officer. MESA is being sued individually and in his official capacity as a police officer for the Defendant CITY under 42 U.S.C. § 1983.

14.     At all times mentioned herein, Defendant CONNOR SULLIVAN (hereinafter "SULLIVAN") was employed by Defendant CITY OF VALLEJO as a police officer. SULLIVAN is being sued individually and in his official capacity as a police officer for the Defendant CITY under 42 U.S.C. § 1983.

15.     At all times mentioned herein, Defendant DANIEL SARAVIA (hereinafter "SARAVIA") was employed by Defendant CITY OF VALLEJO as a police officer. SARAVIA is being sued individually and in his official capacity as a police officer for the Defendant CITY under 42 U.S.C. § 1983.

16.     At all times mentioned herein, Defendant MARK THOMPSON (hereinafter "SARAVIA") was employed by Defendant CITY OF VALLEJO as a police officer. THOMPSON is being sued individually and in his official capacity as a police officer for the Defendant CITY under 42 U.S.C. § 1983.

17.     At all times mentioned herein, Defendant JAMES BEGLIN (hereinafter " BEGLIN") was employed by Defendant CITY OF VALLEJO as a police officer. BEGLIN is being sued individually and in his official capacity as a police officer for the Defendant CITY under 42 U.S.C. § 1983.

18.     At all times mentioned herein, Defendant HERMAN ROBINSON (hereinafter "SARAVIA") was employed by Defendant CITY OF VALLEJO as a police officer. ROBINSON is being sued individually and in his official capacity as a police lieutenant for the Defendant CITY under 42 U.S.C. § 1983.

19.     At all times mentioned herein, Defendant RASHAD HOLLIS (hereinafter "SARAVIA") was employed by Defendant CITY OF VALLEJO as a police sergeant. HOLLIS is being sued individually and in his official capacity as a police sergeant for the Defendant CITY under 42 U.S.C. § 1983. Subsequent to the fatal incident on July 8, 2024, Sgt. HOLLIS made statements about DECEDENT to the press as a spokesperson for the Defendant CITY, in an effort to conceal the true cause of Decedent's death, which was caused by Defendants JONES, HILL, KIM, MESA, SULLIVAN, SARAVIA, THOMPSON, BEGIN, ROBINSON, and DOES 1-25.

20.     At all relevant times, Defendant CHIEF JASON TA (hereinafter "CHIEF TA") was employed by the CITY as the Chief of Police and was the authorized policymaker for Defendant CITY's Police Department with the retained authority to measure CITY police officers' conduct for conformance with CITY policies as well as state and federal law. At all relevant times, CHIEF TA possessed the final authority to make disciplinary decisions, including as alleged herein by refusing to admit offending officers' alleged conduct violated CITY policy. CHIEF TA customarily allowed CITY police officers to behave as the offending DEFENDANT OFFICERS (whether named or unnamed) are herein alleged to have acted, because CHIEF TA knew of and condoned this behavior by lower ranking officers. CHIEF TA ratified the Defendant Officers' conduct by failing to discipline, train, or retrain them. It is furthermore alleged that at all relevant times CHIEF TA was on notice of the existence of a persistent practice by CITY police officers in using escalatory and excessive force during traffic stops and vehicle pursuits. Despite this notice, CHIEF TA failed to

enact policy and practice measures within the CITY Police Department to protect against the foreseeable occurrence of constitutional violations similar to those herein alleged to have been suffered by the DECEDENT.

21.     Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiffs are informed and believes and thereon alleges that each Defendant so named was employed by Defendant CITY at the time of the conduct alleged herein. Plaintiffs allege that each of Defendants DOES 26 through 50 was responsible for the training, supervision, and/or conduct of the Defendant Officers and/or agents involved in the conduct herein. Plaintiffs allege that each of Defendants DOES 26 through 50 were also responsible for and caused the acts and injuries alleged herein. Plaintiffs will amend this Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

22.     In engaging in the conduct described herein, all Defendant police officers acted under the color of law and in the course and scope of their employment with the CITY. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant CITY.

## ADMINISTRATIVE PREREQUISITES

23.     Plaintiffs are required to comply with an administrative tort claim requirement under California Government Code Section 910, *et seq*.. Plaintiffs submitted a claim under the CA Tort Claims Act on January 8, 2025. The claim was not acted on by Defendant CITY within fifty days of receipt, and was therefore rejected by operation of law. Plaintiffs have exhausted all administrative remedies pursuant to California law.

## FACTUAL ALLEGATIONS

24.     On July 8, 2024, at approximately 10:30 P.M., DECEDENT was driving in Vallejo, California. Decedent was driving his friend's vehicle: a white, 2014, Dodge Durango.

25.    At approximately 10:55 P.M., DECEDENT drove past Defendant Officer JONES on or around Couch Street in Vallejo. Officer JONES suspected the white Dodge Durango to be stolen and initiated a traffic stop.  Within seconds, at least eleven CITY police officers were dispatched to assist Ofc. JONES with the stop, including but not limited to Defendants HILL, KIM, MESA, SULLIVAN, SARAVIA, ROBINSON, THOMPSON, BEGLIN, and DOES 1-25. Defendant Officers pursued DECEDENT along surface streets in Vallejo at speeds in excess of 80mph.

26.    Upon information and belief, Defendant Officers JONES, HILL, KIM, MESA, SULLIVAN, SARAVIA, ROBINSON, THOMPSON, BEGLIN, and DOES 1-25, utilized Pursuit Intervention Techniques (henceforth, "PITs") during their vehicle pursuit of DECEDENT, including but not limited to "ramming" and "boxing in" DECEDENT while he drove. California POST standards classify any PIT maneuver occurring over 35mph as "deadly force." Defendants JONES, HILL, KIM, MESA, SULLIVAN, SARAVIA, ROBINSON, THOMPSON, BEGLIN, and DOES 1-25,  thereby used deadly force in their pursuit of DECEDENT. This conduct by Defendant Officers caused DECEDENT to crash.

27.    The white Dodge driven by DECEDENT quickly ignited into flames with DECEDENT trapped inside.  Defendants JONES, HILL, KIM, MESA, SULLIVAN, SARAVIA, ROBINSON, THOMPSON, BEGLIN, and DOES 1-25, pointed their CITY-issued police weapons at DECEDENT and yelled commands. Eventually Defendant Officers shot rubber bullets at the driver's side of the Dodge where DECEDENT was trapped, causing the window to break. Defendant Officers dragged DECEDENT, who was critically injured and possibly unconscious at the time, out through the broken window and slammed him onto the ground. The Defendant Officers then picked DECEDENT up, moved him, and slammed him to the ground again.

28.    A first responder eventually gave DECEDENT CPR and at some point an ambulance arrived. Despite being only blocks from the nearest hospital, DECEDENT was taken to an out of town hospital much further away.

29.    DECEDENT died as a result of this encounter with Defendant Officers.

30.     Defendant CITY Police Department remains in possession of DECEDENT'S belongings that were with him when he died. Detectives for the CITY refused PLAINTIFFS' requests to release DECEDENT'S property, claiming that there is a pending investigation. However, upon information and belief, no investigation by the Defendant CITY into the death of DECEDENT has occurred to date. Likewise, Plaintiffs are informed and believe that the physician who conducted the autopsy of DECEDENT made no investigation as to the involvement of law enforcement and Defendant Officers' actions as they relate to DECEDENT'S death. PLAINTIFFS are informed and believe that DECEDENT'S official records thereby reflect that the cause of death was "Accidental" because agents and employees (DOES) of the Defendant CITY omitted critical facts and/or circumstances pointing to the involvement of Defendant Officers in causing DAVID BENJAMIN'S death.

31.     The conduct of Defendant Officers was excessive and done without provocation or cause, and actually and proximately caused DECEDENT'S death, PLAINTIFFS' injuries, and resulting damages.

## **DAMAGES**

32.     At all material times, the actions and omissions of each Defendant were intentional, wanton, and/or willful, conscious shocking, reckless, malicious, harmful, and/or deliberately indifferent to DAVID BENJAMIN'S and PLAINTIFFS' rights, done with actual malice, gross negligence, and were objectively unreasonable.

33.     Each Defendant's acts and/or omissions as set forth above proximately caused Plaintiffs to sustain the following injuries and damages, past and future, among others:

    a.     Wrongful death of DAVID BENJAMIN;

    b.     Hospital and medical expenses (Survival claims);

    c.     Coroner's fees, funeral, and burial expenses (Survival claims);

    d.     Loss of familial relationships, including loss of love, companionship, comfort, affection, consortium, society, services, solace, and moral support (based on wrongful death and loss of familial association);

e.      Violation of constitutional rights;

f.      Pain and Suffering, including emotional distress (based on individual §1983 claims for loss of familial association);

g.      DAVID BENJAMIN'S loss of life, pursuant to federal civil rights law (based on Survival claims and Decedent's federal §1983 claims);

h.      DAVID BENJAMIN'S conscious pain and suffering, pursuant to federal civil rights law (based on Survival claims and Decedent's federal §1983 claims);

i.      All damages, penalties, and attorneys' fees and costs recoverable under 42 USC §§ 1983, 1988, California Civil Code §§ 52, and 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

34.    Plaintiffs found it necessary to engage the services of private counsel to vindicate Decedent's rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees and costs pursuant to statute(s) in the event that he is the prevailing parties in this action under 42 U.S.C. §§ 1983 and 1988. Plaintiffs are also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988 as the Defendants' conduct was malicious, wanton, and oppressive.

**FIRST CAUSE OF ACTION**
**(Violations of the Fourth Amendment of the United States Constitution)**
**(42 U.S.C. § 1983)**
**(PLAINTIFFS against Defendants JONES, HILL, KIM, MESA, SULLIVAN, SARAVIA, THOMPSON, BEGLIN, ROBINSON, and DOES 1-25.)**

35.    PLAINTIFFS re-allege and incorporate by reference paragraphs 1 through 34 of this Complaint.

36.    By the actions and omissions described above, and under color of law, Defendants JONES, HILL, KIM, MESA, SULLIVAN, SARAVIA, THOMPSON, BEGLIN, ROBINSON, and DOES 1-25 violated 42 USC § 1983, depriving Plaintiffs MS. MCCORMICK, MR. GARCIA, and/or DECEDENT of the following clearly established and well-settled rights protected by the First, Fourth, and Fourteenth Amendments the U.S. Constitution:

a.    DECEDENT'S right to be free from unreasonable searches and seizures as secured by the Fourth Amendment (survival and wrongful death claims);

b.    DECEDENT'S right to be free from excessive and unreasonable force in the course of a seizure, including the use of unlawful deadly force, as secured by the Fourth Amendment (Survival and wrongful death claims);

37.    Defendants JONES, HILL, KIM, MESA, SULLIVAN, SARAVIA, THOMPSON, BEGLIN, ROBINSON, and DOES 1-25 subjected DECEDENT to their wrongful conduct, depriving Plaintiffs and Decedent of the rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs (individually and on behalf of DECEDENT) and others would be violated by their acts and/or omissions.

38.    The conduct of Defendants JONES, HILL, KIM, MESA, SULLIVAN, SARAVIA, THOMPSON, BEGLIN, ROBINSON, and DOES 1-25 entitles Plaintiffs to punitive damages and penalties allowable under 42 USC § 1983 and California law.

39.    Defendants JONES, HILL, KIM, MESA, SULLIVAN, SARAVIA, THOMPSON, BEGLIN, ROBINSON, and DOES 1-25 are liable for DECEDENT'S pre-death physical, mental, and emotional injuries either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

40.    Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 USC § 1988 and applicable federal and California codes and laws.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Violation of the Fourteenth Amendment to the United States Constitution –**
**Substantive Due Process, Right to Familial Relationship)**
**(42 U.S.C. § 1983)**
**(PLAINTIFFS Against ALL DEFENDANTS.)**

41.    Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 40 of this Complaint.

42.    Defendants JONES, HILL, KIM, MESA, SULLIVAN, SARAVIA, THOMPSON, BEGLIN, ROBINSON, and DOES 1-25, acting under color of law, and without due process of law, deprived PLAINTIFFS of their right to a familial relationship with DECEDENT by use of unreasonable, unjustified force and violence and/or by failing to timely summon and/or render medical care, causing injuries which resulted in DECEDENT's death, all without provocation, in violation of the Fourteenth Amendment to the United States Constitution.

43.    Defendants JONES, HILL, KIM, MESA, SULLIVAN, SARAVIA, THOMPSON, BEGIN, ROBINSON, and DOES 1-25, acted maliciously and with an intent to harm DECEDENT unrelated to legitimate law enforcement purposes in killing DECEDENT, given all the options short of escalatory and/or lethal force that were available to them. Such conduct shocks the conduct given that DECEDENT had committed no crime or criminal conduct observed by any Defendant Officer, and that Defendant JONES initiated a traffic stop without probable cause or reasonable suspicion that any such crime had occurred, and then each Defendant Officer engaged in a high-speed, high-risk vehicle pursuit and PIT maneuvers along populous residential surface streets. Defendant Officers failed to summon medical care in a timely fashion to rescue DECEDENT from his burning vehicle and/or to render life saving aid once DECEDENT was removed from the car.

44.    Defendant CITY OF VALLEJO, by and through its agents and employees including but not limited to CHIEF TA, LT. ROBINSON, SGT. HOLLIS, and DOES 26-50, knowingly made false public statements to the press about DECEDENT and the circumstances of DECEDENT'S death, and without due process of law, Defendants deprived DECEDENT and PLAINTIFFS of their right to due process and familial relationship by failing to properly investigate the conduct of Defendant Officers (whether named or unnamed herein) for their use of excessive and unreasonable force, unlawful seizures, and/or vehicle pursuits and PITs; By allowing, tolerating, and/or encouraging police officers to fail to file complete and accurate police reports, file false police reports; make false statements and/or to attempt to bolster officers' stories; By failing to follow timely, lawful procedure to locate and notify DECEDENT'S next of kin (PLAINTIFFS) about his

death; and/or By withholding and/or concealing material information, DECEDENT'S body, and/or DECEDENT'S personal property from PLAINTIFFS.

45.    As a proximate result of Defendants' conduct, PLAINTIFFS suffered damages.

WHEREFORE  Plaintiffs pray for relief as herein set forth.

**THIRD CAUSE OF ACTION**
(*Monell* **Municipal and Supervisory Liability**)
(**42 U.S.C. § 1983**)
(**PLAINTIFFS Against Defendants CITY OF VALLEJO, CHIEF TA, LT. ROBINSON, SGT. HOLLIS, and DOES 26-50**)

46.    PLAINTIFFS re-allege and incorporate by reference paragraphs 1 through 45 of this Complaint.

47.    Plaintiffs are informed and believe, and thereupon allege, that Defendants CHIEF TA, LT. ROBINSON, SGT. HOLLIS, DOES 26-50, as superior officers and/or policy-making offiials for Defendant CITY, were aware of a custom and pattern of conduct and injuries caused by Defendant CITY's law enforcement officers similar to the conduct of the Defendant Officers described herein. Despite having such knowledge, Defendants CHIEF TA, LT. ROBINSON, SGT. HOLLIS, DOES 26-50 failed to institute and enforce lawful and proper training, procedures, and policies within the CITY Police Department to prevent against the highly foreseeable risk of serious injuries caused by such conduct, including but not limited to high-risk vehicle pursuits and/or PITS.

48.    For at least one year prior to DECEDENT'S death the U.S. Federal Department of Justice ("DOJ") had recommended that law enforcement agencies limit the use of vehicle pursuits and PITs to when: "[the subject] committed an inherently violent crime and presents an imminent threat of doing so again." On information and belief, as of July 8, 2024, Defendant CITY's vehicle pursuit policy did not contain the quoted language or any other language resembling the DOJ-recommended standard.

49.    In 2023, Defendant CITY released a first-ever Vehicle Pursuit Analysis Report. The data reflected that CITY Police Department initiated vehicle pursuit incidents had increased one hundred and thirty-one percent (131%) between the years 2021-2023. Only nineteen percent (19%)

of those vehicle pursuits had been terminated by a CITY police officer out of concern for public safety. Upon information and belief, no CITY police officer terminated the vehicle pursuit of DECEDENT out of concern for his or anyone else's safety.

50.      CITY'S Vehicle Pursuit Analysis Report recommended a year prior to DECEDENT's incident that CITY Police Department supervisors and managers, including but not limited to CHIEF TA, LT. ROBINSON, SGT. HOLLIS, DOES 26-50, must seriously consider implementing certain high-risk considerations to public safety including the speed of flight and/or pursuit, the day of the week, the time of day, and the density of population in the area, before permitting an officer to engage in a vehicle pursuit. The suggestion was that such factors must be weighed against any law enforcement objective to mitigate the number of collisions.  PLAINTIFFS are informed and believe, and thereupon allege that as of July 8, 2024 when DECEDENT was killed, Defendant CITY had failed to implement or update any existing written policies or procedures on vehicle pursuits to reflect this recommendation, and that CITY failed to establish a protocol and/or procedure with respect to these safety concerns or to mandate officers must consider such safety factors before and/or during a vehicle pursuit.

51.      In connection with the CITY's 2023 Vehicle Pursuit Analysis Report, policymakers for the Defendant CITY, including but not limited to Defendants CHIEF TA and DOES 26-50, launched the "Pursuit Collision Reduction Initiative" with a stated goal to mitigate the number of collisions caused by vehicle pursuits by twenty percent (20%) in the year 2024. Defendant CITY has yet to release a 2024 Vehicle Pursuit Report, however, Plaintiffs are informed and believe and hereon allege that by July 8, 2024, the number of vehicle pursuit collisions resulting in fatalities had doubled from the previous year. Two days before DECEDENT was killed, another motorist was killed and five others were injured when CITY officers initiated a vehicle pursuit over an alleged traffic violation. That fatality occurred a half mile away from where DECEDENT was killed in a vehicle pursuit just two days later.

52.      The unconstitutional actions and/or omissions of Defendants JONES, HILL, KIM, MESA, SULLIVAN, SARAVIA, THOMPSON, BEGLIN, ROBINSON, and DOES 1-25, and other

officers employed by or acting on behalf of Defendant CITY were pursuant to the following customs, practices, and/or procedures of Defendant CITY, which were directed, encouraged, allowed, and/or ratified by policymaking officials for Defendant CITY, including Defendants CHIEF TA, LT. ROBINSON, SGT. HOLLIS, and DOES 26-50:

a.      Failure to maintain or effectively administer an appropriate training regimen or required protocol to be followed by an officer on vehicle pursuits following non-violent traffic stops and/or without probable cause and/or without reasonable suspicion that the a violent felony had occurred or was imminent;

b.      Failure to mandate an organized plan of response to be followed by officers for initiating vehicle pursuits and/or PITs when the field officer initiates a vehicle pursuit; including by failing to require officers obtain and obey instructions from supervising officers regarding the initiation and/or abandonment of vehicle pursuits and/or use PITs, and/or mandating protocol be followed by a field police officer where it is not practical to summon a supervisor to assist in such pursuits;

c.      Failure to maintain or effectively administer an appropriate policy or training manual or regimen defining vehicle pursuits and/or PITs as a level of high and/or deadly force, including but not limited to when a vehicle pursuit is executed in excess of speeds of 35 MPH, and/or by failing to update said policies and procedures in accordance with federally-recommended standards and language such as by failing to require officers to have knowledge that the subject "committed an inherently violent crime and presents an imminent threat of doing so again"; and by failing to require officers read their Department Policy Manual and/or to certify their reading of the manual in writing;

d.      Failure to maintain or effectively administer an appropriate training regimen and/or policy which impresses upon officers the duty that arises when, through an officer's affirmative conduct, he or she exposes the suspect to potential danger, including by failing to impress upon officers their duty to intervene in any such conduct and/or any objectively unreasonable act of force;

e.      Maintaining and/or tolerating a custom or practice by City superior officers, of covering up violations of constitutional rights and/or liability by subordinate officers, including but not limited to: (i) by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, unlawful seizures, and/or vehicle  pursuits and PITs; (ii) by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and (iii) by allowing, tolerating, and/or encouraging police officers to fail to file complete and accurate police reports; file false police reports; make false statements and/or to attempt to

bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful law enforcement conduct, by withholding and/or concealing material information.

53.     Defendant CITY's training programs for its officers, including Defendant Officers JONES, HILL, KIM, MESA, SULLIVAN, SARAVIA, THOMPSON, BEGLIN, ROBINSON, and DOES 1-25, were at all relevant times inadequate to address the obvious need for training concerning the customs and practices in the preceding Paragraph that were likely to result in injuries, deaths, and serious violations of rights.

54.     PLAINTIFFS are informed and believe and hereupon allege that Defendant CITY'S Police Department has faced multiple lawsuits related to high-speed vehicle pursuits, and that Defendant CITY has paid $12.7 million in settlements in 24 civil rights lawsuits for vehicle pursuit incidents since January 1, 2012. One such case involved a fatal crash during a CITY police pursuit in July 2024 just days before the incident subject to this lawsuit.

55.     Defendant CITY, through its employees and agents including but not limited to Defendants CHIEF TA, LT. ROBINSON, SGT. HOLLIS, and DOES 26-50, failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline CITY officers, including Defendants JONES, HILL, KIM, MESA, SULLIVAN, SARAVIA, THOMPSON, BEGLIN, ROBINSON, and DOES 1-25 with deliberate indifference to Decedent's and Plaintiffs' constitutional rights which were violated on July 8, 2024, as described above. Said failures amount to tacit endorsement, approval, and ratification of Defendant Officers' conduct. Furthermore, Plaintiffs are informed and believe and thereupon allege that no appropriate authority of the Defendant CITY conducted an investigation into the deadly conduct of Defendant Officers on July 8, 2024. This creates within the CITY Police Department an understanding that the Officers' and similar conduct falls within the CITY's actual policies and procedures. Upon information and belief, agents, officers and/or employees of Defendants CITY, including but not limited to CHIEF TA, LT. ROBINSON, SGT. HOLLIS, and DOES 26-50, acted to conceal the violations by Defendants and participated in an after-the-fact conspiracy with said Defendants to conceal the true cause of Decedent's death.

56.     As a direct and proximate result of the unconstitutional customs, practices, deficient training programs, actions, omissions, and deliberate indifference by supervisory authorities including but not limited to CHIEF TA, LT. ROBINSON, and SGT. HOLLIS as described above, Plaintiffs and Decedent sustained serious and permanent injuries and are entitled to damages, costs, and attorneys fees as set forth in paragraphs 31-35.

WHEREFORE, Plaintiffs pray for relief as herein set forth.

**FOURTH CAUSE OF ACTION**
**(Violation of Bane Act)**
**(C.C.P. §52.1)**
**(PLAINTIFFS Against ALL DEFENDANTS)**

57.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 56 of this Complaint.

58.     Civil Code Section 52.1 authorizes suit against anyone who by threats, intimidation, or coercion interferes with the exercise or enjoyment of rights secured by the state or federal Constitutions or laws without regard to whether the victim is a member of a protected class. Civil Code section 52(a) provides for damages up to three times actual damages but a minimum of $4,000 for each violation.

59.     Plaintiffs are informed, believe, and thereupon allege that Defendants JONES, HILL, KIM, MESA, SULLIVAN, SARAVIA, THOMPSON, BEGLIN, ROBINSON, and DOES 1-25, threatened Decedent's right to be free and secure from unreasonable searches and seizures by initiating a traffic stop without probable cause, instigating a vehicle pursuit based on only the alleged suspicion that the vehicle Decedent was driving was stolen, and despite the presence of several high-risk factors which elevated the Officers' vehicle pursuit and PITs into deadly force. Defendants' conduct interfered with DECEDENT'S right to be free and secure from unreasonable searches and seizures, PLAINTIFFS' right to a familial relationship with their son, and DECEDENT'S right to have his serious medical needs addressed.

60.     Unlawful deadly force which violates the Fourth Amendment with reckless disregard for rights violates the Bane Act. Defendants' JONES, HILL, KIM, MESA, SULLIVAN, SARAVIA,

THOMPSON, BEGLIN, ROBINSON, and DOES 1-25, reckless use of unlawful deadly force against DECEDENT in and of itself constitutes threat, intimidation, or coercion.

61.     The threat, intimidation, and coercion described herein were intentional acts, none were accidental or merely negligent.

62.     Defendant CITY is liable under principles of *respondeat superior* for these violations pursuant to California Government Code § 815.2.

63.     As a direct and proximate result of Defendants' violation of the C.C.P. § 52.1 and of Plaintiffs' and Decedent's rights under the United States and California Constitutions, Plaintiffs (individually and for Decedent) sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth in paragraphs 31-35.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Wrongful Death)**
**(C.C.P. Section 377.60 and 377.61)**
**(PLAINTIFFS against ALL DEFENDANTS)**

64.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 63 of this Complaint.

65.     Defendants JONES, HILL, KIM, MESA, SULLIVAN, SARAVIA, THOMPSON, BEGLIN, ROBINSON, and DOES 1-25, engaged in a vehicle pursuit and utilized PITs on DECEDENT with the intent to harm or offend him.

66.     DECEDENT did not consent to the touching and was harmed by it.

67.     A reasonable person in Decedent's situation would have been offended by the touching.

68.     Defendants' JONES, HILL, KIM, MESA, SULLIVAN, SARAVIA, THOMPSON, BEGLIN, ROBINSON, and DOES 1-25, conduct caused Decedent to suffer physical injury, pain and suffering, loss of income, loss of life, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

69.     Defendants' JONES, HILL, KIM, MESA, SULLIVAN, SARAVIA, THOMPSON, BEGLIN, ROBINSON, and DOES 1-25, conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Decedent's constitutionally protected rights, welfare, and safety.

70.     The wrongful conduct of Defendants JONES, HILL, KIM, MESA, SULLIVAN, SARAVIA, THOMPSON, BEGLIN, ROBINSON, and DOES 1-25, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons and was a battery, proximately causing Plaintiffs and Decedent to suffer injuries and damages as set forth above in paragraphs 32-34.

71.     As a proximate result of Defendants' conduct as set forth herein, Plaintiffs suffered severe emotional and mental distress, injury having a traumatic effect on Plaintiffs' emotional tranquility, loss of care, comfort, society, familial support, financial support, and damages. Plaintiffs are entitled to recover wrongful death damages.

72.     Pursuant to Government Code Section 815.2(a), Defendant CITY is vicariously liable to said Plaintiffs for injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants and/or failure to intervene.

73.     WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

<u>**SIXTH CAUSE OF ACTION**</u>
**(Negligence)**
**(PLAINTIFFS against ALL DEFENDANTS)**

74.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 73 of this Complaint.

75.     At all times, Defendants JONES, HILL, KIM, MESA, SULLIVAN, SARAVIA, THOMPSON, BEGLIN, ROBINSON, and DOES 1-25 owed Plaintiffs and Decedent the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

76.     At all times, Defendants JONES, HILL, KIM, MESA, SULLIVAN, SARAVIA, THOMPSON, BEGLIN, ROBINSON, and DOES 1-25 owed Plaintiffs and Decedent the duty to act with reasonable care.

77.     These general duties of reasonable and due care owed to Plaintiffs and Decedent by JONES, HILL, KIM, MESA, SULLIVAN, SARAVIA, THOMPSON, BEGLIN, ROBINSON, and DOES 1-25 include but not limited to the following specific obligations:

a.      To refrain from unlawfully seizing, detaining, and/or arresting Decedent;

b.      To refrain from using excessive, unreasonable, and/or deadly force against Decedent;

c.      To refrain from unreasonably creating and escalating the situation where force, including but not limited to deadly force, was used;

d.      To refrain from using unreasonable tactics that escalated the situation, created perceived danger, and led to the use of excessive and/or deadly force;

e.      To refrain from abusing their authority granted them by law;

f.      To refrain from violating Plaintiffs' and Decedent's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

78.     Additionally the general duties of reasonable and due care owed to Plaintiffs by Defendants CITY OF VALLEJO, CHIEF TA, LT. ROBINSON, SGT. HOLLIS, and DOES 26-50 include but are not limited to the following specific obligations:

a.      To properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline CITY police officers under their supervision (including DOES 1-25) to ensure that those employees/agents/officers act at all times in the public interest and in conformance with the law;

b.      To make, enforce, and at all times act in conformance with policies, training, and customs that are lawful, consistent with generally accepted law enforcement standards, and protective of individual rights, including Plaintiffs and Decedent's rights;

c.   After being informed of officers' conduct causing Decedent's death in this situation, to take proper action to discipline and/or retrain involved officers, and not to ratify such officers' misconduct and violations of generally accepted standards and law;

d.   To refrain from making, enforcing, and/or tolerating the wrongful practices, customs, and deficient training programs set forth in Plaintiffs' SECOND CAUSE OF ACTION, above.

79.  Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs and Decedent.

80.  As a direct and proximate result of Defendant's negligence, Plaintiffs and Decedent sustained injuries and damages, and against each and every Defendant are entitled to relief as set forth in paragraphs 32-34 above, including punitive damages against Defendants JONES, HILL, KIM, MESA, SULLIVAN, SARAVIA, THOMPSON, BEGLIN, ROBINSON, and DOES 1-25. Plaintiffs do not seek punitive damages against Defendants CITY.

81.  Under Government Code Section 815.2, Defendant CITY is vicariously liable to said Plaintiffs for injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of said Defendants.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

Plaintiffs hereby demand a jury trial in this action.

## PRAYER

**WHEREFORE**, Plaintiffs pray for relief, as follows:

1.   For general damages according to proof;

2.   For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3.   For punitive damages and exemplary damages in amounts to be determined according to proof as to Defendants, JONES, HILL, KIM, MESA, SULLIVAN,

SARAVIA, THOMPSON, BEGIN, ROBINSON, HOLLIS, CHIEF TA, and DOES 1-50

4.    Any and all permissible statutory damages;

5.    For reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and California Code of Civil Procedure § 1021.5;

6.    For cost of suit herein incurred; and

7.    For such other and further relief as the Court deems just and proper.


Dated: May 27, 2025                    **BURRIS NISENBAUM CURRY & LACY**

/s/__ *Katherine MacElhiney, Esq*._____
Katherine MacElhiney
Benjamin Nisenbaum
Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS AND WRONGFUL DEATH