1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9           FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11  SHEILA MCCORMICK, *et al.*,          Case No. 2:25-cv-1468-JDP
12                  Plaintiffs,
13       v.                               ORDER
14  CITY OF VALLEJO, *et al.*,
15                  Defendants.
16

17    Benjamin Nisenbaum and Katherine MacElhiney, counsel for plaintiffs Shelia Mccormick

18 and Salvador Garcia, have filed a renewed motion to withdraw as counsel. ECF No. 27. The

19 motion makes the required showing and complies with this court's local rules. Accordingly, the

20 court grants the motion.[1]

21    Plaintiffs Mccormick and Garcia, parents of David Benjamin, bring this action against the

22 City of Vallejo and several of its police officers for the wrongful death of Benjamin during an

23 encounter with police. ECF No. 1. Plaintiffs filed the complaint on May 27, 2025, and

24 Nisenbaum and MacElhiney sought to withdraw as counsel on August 13, 2025. ECF No. 4. The

---

[1] Defendants have also moved to dismiss plaintiffs' complaint. ECF Nos. 15 & 16. Although attorneys Nisenbaum and MacElhiney filed oppositions to these motions on plaintiffs' behalf, given that counsel is withdrawing, the court will afford plaintiffs an opportunity either to file their own response to defendants' motions or to notify the court that they wish to stand by the oppositions filed by Nisenbaum and MacElhiney.

1

1    court previously denied counsels' request to withdraw because the motion did not comply with
2    the court's Local Rules.  ECF No. 26.

3          Nisenbaum and MacElhiney have renewed their motion.  ECF No. 27.  In the renewed
4    motion, counsel state that they must withdraw because there has been an irreconcilable break-
5    down of the attorney-client relationship.  ECF No. 27-1 at 1; *see* Cal. R. Prof. Conduct 1.16(b)(6).
6    Counsel state that they first notified plaintiffs of their intent to withdraw and their
7    recommendation to retain new counsel on June 17, 2025.  *Id.*  Counsel sent plaintiffs a letter on
8    July 22, 2025, detailing their intent to withdraw and requesting via email confirmation of the July
9    22 letter.[2]  *Id.*  Counsel filed their motion to withdraw on August 13, 2025, and emailed plaintiffs
10   a copy.  ECF No. 4.  On September 8, 2025, counsel emailed plaintiffs the hearing information
11   for the motion to withdraw.  ECF No. 21-1 at 2.  On October 21, 2025, counsel mailed to
12   plaintiffs last known address a copy of the pending motion to withdraw, which counsel filed on
13   October 22, 2025.  *Id.*  Defendants, represented by two different firms, have filed statements of
14   non-opposition to Nisenbaum and MacElhiney's renewed motion to withdraw.  ECF Nos. 28 &
15   29.

16         Pursuant to the court's local rules, "[w]ithdrawal as attorney is governed by the Rules of
17   Professional Conduct of the State Bar of California, and the attorney shall form to the
18   requirements of those Rules."  E.D. Cal. L.R. 182(d).  If withdrawal would leave a client without
19   counsel, an attorney must file a formal motion and provide the client and all other parties with
20   notice of the motion to withdrawal.  *Id*.  The attorney must also submit an affidavit providing the
21   current or last known address of the client and describing the efforts made to notify the client of
22   the motion to withdraw.  *Id.*

23         The California Rules of Professional Conduct provide that an attorney may withdraw from
24   representation if the client "renders it unreasonably difficult for the member to carry out the
25   employment effectively."  Cal. R. Prof. Conduct 3-700(C)(1)(d).  The decision to grant or deny
26   counsel's motion to withdraw is committed to the district court's discretion.  *United States v.*

---

[2] Counsel does not state whether plaintiffs responded.

*Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). "When ruling on motions to withdraw, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Bernstein v. City of Los Angeles*, No. CV 19-03349 PA (GJSx), 2020 WL 4288443, at *1 (C.D. Cal. Feb. 25, 2020) (internal quotation marks and citations omitted).

Nisenbaum and MacElhiney have shown good cause for withdrawal, and the motion complies with Local Rule 182. Counsels' inability to communicate with plaintiffs renders it unreasonably difficult for counsel to conduct its job effectively. Despite counsels' diligence in attempting to contact plaintiffs, plaintiffs have not responded. In light of the circumstances, Nisenbaum and MacElhiney have demonstrated good cause for withdrawal as attorneys of record for plaintiff. The Clerk of Court will be directed to amend the docket to reflect that plaintiffs Shelia Mccormick and Salvador Garcia now represents themselves in this matter.

Accordingly, it is hereby ORDERED that:

1. The November 20, 2025 hearing on Nisenbaum and MacElhiney's motion to withdraw as counsel is VACATED.
2. Nisenbaum and MacElhiney's motion to withdraw as counsel, ECF No. 27, is GRANTED.
3. The Clerk of Court is directed to serve this order on plaintiffs at: 1015 Porter St. Vallejo, California 94590.
4. The November 20, 2025 hearing on defendants' motions to dismiss, ECF No. 15 & 16, is continued to December 18, 2025, at 10:00 a.m.
5. By no later than December 5, 2025, plaintiffs shall either file a response to defendants' motions to dismiss, ECF Nos. 15 & 16, or notify the court that they wish stand by the oppositions filed at ECF Nos. 20 & 21.
6. If plaintiffs elect to file their own opposition to the motions to dismiss, defendants are granted until December 12, 2025, to file a reply.

7. Failure to comply with this order may result in dismissal of this action for failure to comply with a court order and failure to prosecute.

IT IS SO ORDERED.

Dated: ___November 14, 2025___  _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4