UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA MCCORMICK, *et al.*, | Case No. 2:25-cv-1468-JDP (PS) |
| Plaintiffs, | |
| v. | ORDER |
| CITY OF VALLEJO, *et al.*, | |
| Defendants, | |

Defendants have filed motions to dismiss plaintiffs' complaint, which are currently set for hearing on January 15, 2026.¹ ECF Nos. 15 & 16; *see* ECF Nos. 30 & 31. On November 14, 2025, the court granted Benjamin Nisenbaum and Katherine MacElhiney's motion to withdraw as plaintiffs' attorneys. ECF No. 30. The court also ordered plaintiffs to either file a response to defendants' motions to dismiss or notify the court that they wish stand by the oppositions filed by their former counsel. ECF No. 30; *see* ECF Nos. 20 & 21. Plaintiffs failed to respond to that order. Accordingly, on December 5, 2025, plaintiffs were ordered to show cause, by no later than December 19, 2025, why sanctions should not be imposed for failure to timely comply with the court's November 14, 2025 order. ECF No. 31. The court also warned plaintiffs that failure to comply with court orders would result in dismissal of this action. *Id.* at 2.

---

¹ This case is before the undersigned pursuant to the parties' consent. ECF No. 8; *see* 28 U.S.C. § 636(c).

1

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court.").

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In considering whether dismissal is appropriate, the court has considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

Here, plaintiffs failed to respond to the order directing them to either file a response to defendants' motions to dismiss or notify the court that they wish stand by the oppositions filed by their former counsel. ECF No. 30. After plaintiffs failed to comply with that order, the court ordered them to show cause why this action should not be dismissed for failure to comply with court orders and failure to prosecute. ECF No. 31. Plaintiffs also failed to comply with that order. Accordingly, the court finds that the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all support imposition of the sanction of dismissal. Lastly, the court's warning to plaintiffs that failure to obey court orders will result in dismissal satisfies the "considerations of the alternatives"

2

requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. The December 5, 2025 order expressly warned plaintiffs that failure to comply with court orders would result in dismissal. ECF No. 31. Plaintiffs had adequate warning that dismissal could result from noncompliance. The court therefore find that the balance of factors weighs in favor of dismissal.

Accordingly, it is hereby ORDERED that:

1. This action is DISMISSED for failure to prosecute and failure to comply with court orders.

2. Defendants' motions to dismiss, ECF Nos. 15 & 16, are DENIED as moot, and the January 15, 2026 hearing is VACATED.

3. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:     January 7, 2026                           _____
                                                     JEREMY D. PETERSON
                                                     UNITED STATES MAGISTRATE JUDGE